RENDERED: AUGUST 20, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-0769-MR

MATTHEW DENDEKKER                                    APPELLANT

v.

APPEAL FROM JEFFERSON FAMILY COURT
HONORABLE DEANA MCDONALD, JUDGE
ACTION NO. 11-CI-503843

JEANETTE DENDEKKER AND
GOLDBERG SIMPSON, LLC, REAL
PARTY IN INTEREST                                    APPELLEES

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: CALDWELL, DIXON, AND L. THOMPSON, JUDGES.

DIXON, JUDGE: Matthew Dendekker appeals the order of the Jefferson Circuit

Court, entered on March 11, 2019, requiring him to pay $1,725 toward Jeanette

Dendekker's attorney fees. After careful review of the briefs, record, and law, we

reverse and remand.

## FACTS AND PROCEDURAL BACKGROUND

The underlying case is a post-decree dissolution action. In October 2017, the matter came back before the trial court for hearing on Matthew's motion to modify custody. The motion was ultimately denied, but relevantly, Matthew was ordered to pay $15,000 toward Jeanette's attorney fees. At Matthew's request, an order was entered on August 8, 2018, establishing a payment schedule which required Matthew to pay Jeanette's counsel $400 on the first of each month.

On September 1, 2018, Matthew emailed Jeanette asserting that he was owed a sum of money for unreimbursed medical bills, which the parties divide evenly, and advising that he would be offsetting this debt from his monthly attorney fee payment. Accordingly, on his own initiative, Matthew did not make his ordered September 2018 payment of $400. Likewise, in October 2018, Matthew again applied an offset and paid Jeanette's counsel only $10.30 of the required $400 payment. In response, Jeanette moved the court to find Matthew in contempt and for attorney fees. Thereafter, Matthew made his payments as ordered.

A hearing on the motion was held in February 2019. To combat Matthew's claim that an offset was appropriate, Jeanette presented evidence that Matthew likewise owed her reimbursement for shared medical bills. Matthew disputed the amount and further denied that he had received notice of Jeanette's

claimed expenses. Matthew stipulated that he had not made payments as required by the August 2018 order but asserted that his actions were not the result of willful disregard for the court's order. Alternatively, Matthew claimed he was not aware his actions were inappropriate, but rather, his sole intent was to recoup some of the compensation he was owed. He cited the increased financial strain due to an influx of medical bills as his motivation.

After the hearing, the court entered an order containing CR[1] 54.02 finality recitations and finding that Matthew was not in contempt, but pursuant to KRS[2] 403.220, he was ordered to pay Jeanette's attorney $1,725 in fees related to the contempt proceedings. Matthew moved to alter or amend the judgment pursuant to CR 59.05. The court reaffirmed its ruling but modified the payment schedule. This appeal timely followed. Additional facts will be discussed as they become relevant.

**STANDARD OF REVIEW**

Matthew challenges the court's award of attorney fees. We review for an abuse of discretion. *Sexton v. Sexton*, 125 S.W.3d 258, 272 (Ky. 2004). A court abuses its discretion if its decision is "arbitrary, unreasonable, unfair, or

---

[1] Kentucky Rules of Civil Procedure.

[2] Kentucky Revised Statutes.

unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

## ANALYSIS

KRS 403.220 provides that, "after considering the financial resources of both parties[,]" a court may order one party to pay another party's attorney fees. Circuit courts have great discretion in determining whether to award fees and, if so, in what amount. *Smith v. McGill*, 556 S.W.3d 552, 556 (Ky. 2018). This is because circuit courts are "'in the best position to observe conduct and tactics which waste the court's and attorneys' time and must be given wide latitude to sanction or discourage such conduct.'" *Id.* (quoting with approval *Gentry v. Gentry*, 798 S.W.2d 928, 938 (Ky. 1990)).

Matthew first argues that the court failed to comply with KRS 403.220 where there was a dearth of evidence regarding the parties' present financial resources and there had been a change in circumstances since the court's 2017 attorney fee award. In response, Jeanette argues the court's compliance with this requirement is evidenced by its reference to the prior underlying 2017 award of attorney fees and the findings in support thereof.

We agree with Matthew that the court erred. As Matthew notes in his brief, the most recent evidence regarding the parties' financial resources was obtained 16 months prior to the current proceedings. While this fact alone is not

fatal to the court's determination, the court denied a similar request for attorney fees a mere three months before these proceedings, citing its recognition that the parties' financial positions may have changed and that it did not have the proper information. Consequently, the court's determination that it had sufficient evidence to justify the attorney fee award at issue herein is inconsistent and arbitrary where no further evidence was presented and Matthew's timely claims of change in circumstances remain unresolved. Therefore, we remand so that the circuit court may reconsider its award pursuant to KRS 403.220. Given our determination that the court abused its discretion, we need not address Matthew's remaining argument.

## CONCLUSION

Therefore, and for the foregoing reasons, the order of the Jefferson Family Court awarding attorney fees is REVERSED and REMANDED for further proceedings.

ALL CONCUR.

BRIEF FOR APPELLANT:

Michelle M. Chalmers
Louisville, Kentucky

BRIEF FOR APPELLEES:

Leland R. Howard II
Louisville, Kentucky